IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA                                                      PLAINTIFF

V.                                                       CAUSE NO. 3:12-CR-130-CWR-FKB

WILLIAM KIRK MONTGOMERY                                                       DEFENDANT

**ORDER**

William Kirk Montgomery has filed a motion to reduce his restitution payment. He states that he and several co-defendants are responsible for $840,000 in restitution. They have paid a total of $1,648.77 in the years since their sentencing, Montgomery alleges, most of which ($990.86) came from himself. Montgomery argues that the "disparity is inequitable" and asks that his present average monthly payment of $94.09 be capped at $40 a month.

Montgomery's request may be barred by the terms of his plea agreement. *See* Docket No. 9, at 2 and 6; *United States v. Maharaj*, 176 F. App'x 536, 539 (5th Cir. 2006); *United States v. McCrumby*, 402 F. App'x 961, 964 (5th Cir. 2010). Out of an abundance of caution, though, the Court will address it on the merits.

"The primary goal of restitution is remedial or compensatory, but it also serves punitive purposes." *Paroline v. United States*, 134 S. Ct. 1710, 1726 (2014) (citations omitted). "A victim of a crime has the right to full and timely restitution as provided in law." *United States v. Sheets*, 814 F.3d 256, 260 (5th Cir. 2016) (quotation marks, citation, and brackets omitted). "If the court finds that more than one defendant has contributed to a victim's loss, the court has the discretion to find each defendant liable for payment of the full amount of restitution, *i.e.,* joint and several liability among the defendants." *Id.* (citation omitted).

That is exactly what happened here. When Montgomery and his co-defendants murdered James Craig Anderson, the law gave Anderson's Estate the right to full and timely restitution. More than one defendant contributed to the murder, directly causing the Estate's loss. Each defendant was properly held accountable for restitution via joint and several liability.

Montgomery asserts that restitution was "to be paid equally by all judgment debtors." He is incorrect. Montgomery, through his attorney, explicitly agreed at the February 29, 2016 restitution hearing that each of the defendants would be held jointly and severally liable for the full amount of the restitution.

Montgomery then claims that "equitable principles" such as "the right of equitable contribution" support reducing his payments. The argument is unavailing. The Supreme Court recently held in another restitution case that "[t]here is no general federal right to contribution." *Paroline*, 134 S. Ct. at 1725 (citation omitted).

There is nothing fundamentally unfair about Montgomery's restitution payments. He may be paying more than his co-defendants; the record on this point is not developed. But the greater inequity is that in the six-plus years since James Craig Anderson was murdered, the defendants have collectively paid only $1,648.77 toward their $840,000 obligation—and are nowhere near on track to make the "full and timely restitution" required by law. *Sheets*, 814 F.3d at 260.

The motion is denied.

**SO ORDERED**, this the 5th day of September, 2017.

s/ Carlton W. Reeves<br>
UNITED STATES DISTRICT JUDGE